## AUGUST HEILIGMANN v. WILLIAM ROSE ET AL.

### No. 6947.

1. **Degree of Certainty of Proof in Civil Cases.**—Because the facts in a civil case may involve a criminal act does not change the degree of certainty or extent of proof required in civil cases. It was not error therefore to refuse an instruction in an action for damages for maliciously poisoning three dogs that the plaintiff's case should be established beyond a reasonable doubt.

2. **Charge—Naming Amount of Damages Claimed, etc.**—That the charge named the limit of the claim for exemplary damages and did not direct the jury to find separately the actual and exemplary damages, there being no request for more definite instructions, is no ground for reversal. The verdict was only for the amount of actual damages claimed.

3. **Verdict—Actual and Exemplary Damages.**—When the jury are not instructed to find separately actual and vindictive damages a verdict for the plaintiff for a gross sum will support a judgment.

4. **Dogs—Valuation of.**—Dogs may be shown to be of value although there may be no market value. See proof of value *held* sufficient.

5. **Dogs—Property Protected by Law.**—The law recognizes property in dogs, and for a trespass and infraction of this right the law gives the owner a remedy.

APPEAL from Bexar. Tried below before Hon. G. H. Noonan.

The opinion states the case.

*Oscar Bergstrom*, for appellant.—1. In order to authorize a recovery upon a cause of action which if true would be a criminal offense, such cause of action must be proved not only by a preponderance of evidence but beyond a reasonable doubt.

2. The measure of damages is vested in the discretion of the jury, under proper instructions as to the law from the court; but it is error

for the court to suggest the amount or limit of damages which the jury might find. Newman v. Dodson, 61 Texas, 91.

3. Damages are intended as compensation for the pecuniary injury sustained by the party injured, and in order to entitle a party to damages he must show that he has suffered some personal injury or pecuniary loss. Brown v. Hoburger, 52 Barb., 15; Brill v. Flagler, 23 Wend., 354; Bantling v. Railway, 54 Mo., 385; Suth. on Dam., 802.

4. In the absence of testimony authorizing the finding of actual damages, it is error to submit to the jury a charge authorizing them to find both actual and exemplary damages without requiring them to find actual and exemplary damages separately, so as to ascertain whether the verdict found by the jury is for actual or exemplary damages. Railway v. Dunlavy, 56 Texas, 256; Wallace v. Finberg, 46 Texas, 35; Railway v. Le Gierse, 51 Texas, 203.

*John H. Copeland*, for appellees.—1. It is not required in a civil action, based upon such allegations as if true would make the defendant criminally liable, to bring such proof as would exclude all hypotheses of the guilt of the defendant. It is a question of fact only, on the same plane as all other questions of fact involved in the suit, and comes as they do within the province of the jury.

2. The plaintiffs have the right to recover damages done to their personal property by the defendant. Dogs or any other domestic animals are as much personal property as clothing, jewelry, or any other personal effects. Hence if the defendant destroyed plaintiffs' dogs he is liable for their reasonable value. 2 Black., 391; Waterm. on Tresp., sec. 397.

FISHER, JUDGE, *Section B.*—This case originated in the Justice Court, and was tried on appeal in the District Court of Bexar County at its February term, 1889, when judgment was rendered in appellees' favor against appellant for the sum of $75 and costs of suit. No written pleadings are in the record except a statement of appellees' demand, wherein they charge that appellant wickedly and maliciously poisoned five dogs, for which they ask a recovery of damages against appellant in the sum of $25 for each of said dogs as actual damages and $75 exemplary damages.

Appellant assigns as error the refusal of the court to instruct the jury, upon his request: "You are further instructed that the claim of plaintiffs is based upon acts which if true would constitute a criminal offense, and before you can find for the plaintiffs you must find from the evidence beyond a reasonable doubt that defendant poisoned the dogs sued for, and if there is any reasonable hypothesis upon which the poisoning can be explained except that the defendant did it or that

some other person than defendant might have poisoned them, then you will find for defendant."

We know of no decision and none is cited that would justify the court in giving this charge. There is no force in the position that because the facts of this case may involve a criminal act there should be a greater or more certain degree of proof than is required in other civil actions. A party holding the affirmative of an issue is only required to adduce such a preponderance of evidence as will satisfy the minds of the jury of the truth of the facts in issue. As said by the court in the case of Sparks v. Dawson, 47 Texas, 145, "to require the facts to be established by evidence with that absolute certainty which fixes in the mind of the jury a conviction that excludes all reasonable doubt of their existence is a rule not applicable to this or any other civil case." The court did not err in refusing to give the charge.

The second assignment presented by appellant affirms that the court erred in the third subdivision of its charge, because the jury was authorized to find a verdict against defendant for exemplary damages, and suggests to them that the court believes the sum of $75 is a proper amount therefor. The charge complained of reads: "If you find from the evidence that defendant intentionally and willfully poisoned the dogs of plaintiffs as charged, or any one of said dogs, you will find a verdict in favor of the plaintiffs for the actual market value of the dog or dogs so poisoned, and you will in addition find a verdict for such exemplary damages as you may deem adequate not exceeding $75. If, however, you find the charge of plaintiffs not proved you will find for the defendant."

In this connection the court at the request of appellant gave the following charge: "In order for the plaintiffs to recover you must find from the testimony that the defendant poisoned the dogs and that they were the property of plaintiffs; that the dogs were of some pecuniary value, either that they had some market value at which they would sell or that the services or use of the dogs were of some pecuniary value. The simple opinion of a witness not based upon any facts as to market value or use of the dogs is not sufficient."

The court does not present the two elements of damages separately, but submits them in one general charge, and restricts the jury in their finding not exceeding a certain amount. In both particulars our courts have repeatedly deprecated this practice, but while this is true, the decisions uniformly hold in the absence of a special charge correcting the error that it alone is not sufficient cause for reversal. Newman v. Dodson, 61 Texas, 98; Brunswig v. White, 70 Texas, 512; Railway v. Lee, 71 Texas, 541; Brooke v. Clerk, 57 Texas, 109; Belo v. Wren, 63 Texas, 727; Moehring v. Hall, 66 Texas, 241.

If the verdict of the jury is for a less amount than they could properly find under the evidence and pleadings, an instruction that informs

them that they can not exceed a certain amount could result in no injury and is harmless error.   Railway v. Lee, 71 Texas, 541.   The assignment is not well taken.

Appellant insists by his fourth assignment of error that the verdict of the jury is insufficient to support the judgment, because it does not specify whether they find actual or exemplary damages or both, or how much of either.   If the rule that the court is not required to submit the issues of actual and exemplary damages separately is correct, unless requested so to do, it would be inconsistent to require the jury to make separate findings upon issues not submitted.   This assignment is governed by the rule discussed under the one preceding.

The appellant's third assignment questions the sufficiency of the evidence to support the verdict of the jury, on the ground that the dogs poisoned were of no market or pecuniary value, or that their service or use was of no value to the owners.   Considering the evidence under this assignment, we find that appellees lost their valuable dogs by poison.   The evidence that connects the appellant with the killing of the dogs is partially circumstantial, but we think sufficient to show his guilty agency, and that the trespass was intentional and malicious. The dogs were of fine breed and well trained, and one of the Newfoundland dogs was trained to signal the arrival of any person at appellee's, who could tell from his bark if the person was man, woman, or child.   The dogs, so testifies appellee, were worth $25 each, and she would not have taken double that sum.   Her husband paid $5 for one when young, and one was given in pay for professional services rendered by appellee, and she could have sold the dogs for $5 each, but would not have taken $50 each for them.   Great pains was taken in raising them, and they were well trained.

The authorities well state that dogs are property, and that an owner has his action and remedy against a trespasser for the damages resulting from injuries inflicted upon them.   Some authorities hold that dogs have no market value.   This may be relatively true, but it is not a rule that will govern in all cases.   It may be difficult in the majority of cases to ascertain the market value of a dog, but such a result may in some cases be accomplished.   The special charge asked by appellant and given by the court substantially presents the true rule in determining the value of dogs.   It may be either a market value, if the dog has any, or some special or pecuniary value to the owner, that may be ascertained by reference to the usefulness and services of the dog.   Ramsey v. Hurly, 72 Texas, 200; Brunswig v. White, 70 Texas, 504; Uhlein v. Cromack, 109 Mass., 273; Brent v. Kimball, 60 Ill., 213; Perry v. Phipps, 10 Iredell (N. C.), 261; Parker v. Mise, 27 Ala., 483; Harrington v. Miles, 11 Kan., 483; Cantling v. Railway, 54 Mo., 386; Spray v. Ammerman, 66 Ill., 313; Stickney v. Allen, 10 Gray, 355.   The law recognizes a property in dogs, and for a trespass and in-

fraction of this right the law gives the owner his remedy. The wrongdoer can not escape the consequences of his acts by saying you have suffered no damages, for the law implies that some damages result from every illegal trespass or invasion of another's rights. Parker v. Mise, 27 Ala., 483; Brent v. Kimball, 60 Ill., 213; Champion v. Vincent, 20 Texas, 816. There is no evidence in this case that the dogs had a market value; but the evidence is ample showing the usefulness and services of the dogs and that they were of special value to the owner. If the jury from the evidence should be satisfied that the dogs were serviceable and useful to the owner, they could infer their value when the owner by evidence fixes some amount upon which they could form a basis. We can not say that the verdict in this case is not based upon actual damages, and when the evidence, as it does in this case, justifies a verdict for either actual and exemplary damages, or both, we will not presume that the finding of the jury was based on grounds not proper.

We find no error in the record, and report the case for affirmance.

*Affirmed.*

Adopted May 26, 1891.