## ROBINSON v. STATE.
### No. 9645.

Court of Civil Appeals of Texas. Austin.
Oct. 1, 1947.

Horace Shelton, of Austin, for appellant.

Leslie D. Williams, Dist. Atty., of Brenham, and Henry Sebesta, Co. Atty., of Bastrop, for appellee.

McCLENDON, Chief Justice.

This is a "delinquent child" case, brought under Art. 2338—1, Vernon's Ann.Civ.St. The defendant (appellant here) is a negro boy, 12 years old. The suit was brought in the juvenile (county) court of Bastrop County, where defendant resided, and was transferred to and tried in the district court of that county, upon the county judge's recusing himself. The trial was to the court without a jury, and the judgment decreed the defendant a delinquent child, and committed him to the State School for Boys at Gatesville for an indeterminate period of time, not extending beyond his reaching the age of 21 years. The defendant has appealed and presents four assignments of error. No brief has been filed on behalf of the State. We have, however, carefully perused the entire record, and the conclusions herein expressed are predicated upon that perusal.

The first assignment complains of overruling a special exception to the State's complaint, the pertinent portion of which reads: " * * * that said child is a de-

linquent child under the law: 5 cases of Arson, a violation of the Penal Law of the State of Texas, of the grade of felony."

The basis of the exception was that the complaint "is indefinite and uncertain and so vague that it makes it impossible for the defendant to properly prepare his defense, to-wit: That the names of the owners of the property involved in the five charges of arson are not given, that the time of the commission of the offenses is not stated, nor is the location of the property set out, nor is the offense of arson stated in a statutory manner."

Sec. 7 of Art. 2338—1 requires filing "a petition alleging briefly the facts which bring said child within the provisions of this Act."

In the case of Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269, 277, 151 A.L.R. 1217, in which the constitutionality and construction of the Act were involved, it was held that the Act was valid; that the proceeding therein provided was a civil, and not a criminal one; and that the general rules of procedure and evidence in civil cases applied. To quote from the opinion: "To come under the provisions of this Act, a reasonable and definite charge must be filed against the minor. The minor is entitled to have his rights fully safeguarded, and to have adequate process for his witnesses. If the objects of the Act are to be accomplished, the proceedings thereunder must necessarily be civil in nature, and while in some respects the orders or the judgment of the court may have the characteristics of a judgment in a criminal case, the customary rules of evidence in civil cases, developed through long experience as essential in arriving at the truth with reasonable certainty, must be followed."

In Re Fisher, Tex.Civ.App., 184 S.W.2d 519, 521, by the Amarillo Court (no app. filed), it was held that while it was not essential that the petition allege an offense with the particularity of a criminal indictment, still "a reasonable and definite charge must be filed against the minor."

■ These decisions are in accord with general rules of civil procedure, and commend themselves to sound reasoning and common sense. It is manifest that the petition (or complaint as it is styled) does not in any substantial degree meet the requirements of this test of sufficiency in the several respects pointed out in the special exception; and that the latter should have been sustained.

■ The second and third assignments complain of the admission in evidence of a written confession of the defendant, over the objections, in substance, that: It was not free and voluntary; he was only 12 years old; was in jail at the time; was brought direct from the jail to the county attorney's office; he was not advised that he had a right to be represented by an attorney, and was not so represented. The officers who took the confession testified to its voluntary character, that defendant was warned that anything he might say would be used against him. He was not, however, advised that he had the right to legal counsel, and in fact did not have the advice of such counsel. In the brief, under these assignments, it is urged that he was at the time under illegal arrest, in that various formalities prescribed by Art. 2338—1, Sec. 11, were not complied with. This being a civil proceeding, it was immaterial whether he was under arrest, legal or illegal, at the time the confession was made. While there was some evidence that coercion or intimidation was used in its procurement; such evidence was sufficient only to raise a fact question on that issue. The evidence was clearly sufficient to warrant admission of the confession, even in a criminal proceeding. It was clearly admissible in a civil case.

■ The fourth assignment challenges the sufficiency of the evidence to support the judgment; predicated upon the proposition that a confession of arson is insufficient to support a judgment of conviction, unless there is corroborating proof of the commission of the crime. This seems to be the rule in criminal cases. Duncan v. State, 109 Tex.Cr.R. 668, 7 S.W.2d 78. In this State the rule in civil cases is that it is only necessary to establish the material allegations of the petition by a preponderance of the evidence, even though the cause of action sued upon requires proof of the commission of a crime. Heiligmann v. Rose, 81 Tex.

222, 16 S.W. 931, 13 L.R.A. 272, 26 Am.St. Rep. 804; which has been consistently followed and recently reaffirmed in State v. Gray, 141 Tex. 604, 175 S.W.2d 224. The confession being voluntary, and being sufficient in itself as an admission against interest to establish the case of the State as to the commission of the crimes charged, corroborating evidence was not essential. However, the record does show ample corroborating evidence as to some, if not all, of the five offenses charged.

For the error in overruling the special exception to the complaint, the trial court's judgment is reversed and the cause remanded. Costs of appeal are assessed against the State.

Reversed and remanded.