553 S.W.2d 781 (1977)
R. K. A. et al., Appellants,
v.
STATE of Texas, Appellee.
No. 17831.
Court of Civil Appeals of Texas, Fort Worth.
June 16, 1977.
Rehearing Denied July 21, 1977.
*782 Allan K. Butcher, Miteff & Carter, and Don Carter, Fort Worth, for appellants.
Tim Curry, Crim. Dist. Atty., Tarrant County, Marvin Collins, Chief of Appellate Section, and Candyce Howell, Asst. Crim. Dist. Atty., Fort Worth, for appellee.

ON MOTION FOR REHEARING
SPURLOCK, Justice.
The motion for rehearing filed by the State of Texas is granted and the opinion of May 26, 1977, is withdrawn and our judgment of that date is set aside.
Petitioner, a minor, was certified to be tried as an adult for three acts of the grade of felony. He appeals that certification.
R. K. A. was first tried on the issue of his insanity at the time of the alleged acts. The juvenile court declared a mistrial after the jury was unable to reach a decision. R. K. A. then moved the court to initiate proceedings to order himself temporarily hospitalized for observation and treatment of mental illness. The motion was denied. The trial court denied him another hearing on the issue of the defense of insanity. The child did not ask for a hearing on the issue of fitness to proceed. The certification hearing which followed, in which all evidence from the sanity hearing was stipulated, resulted in an order binding the child over to the criminal district court to be tried as an adult.
We affirm.
The child appeals on four points of error. By the first three points, the child complains of being denied hearings on mental illness at the time of trial; sanity at the time of the alleged incident; and of lack of findings as to his responsibility for conduct as a result of mental disease or defect.
A careful reading of the statutes, Tex. Family Code Ann. §§ 55.02 and 55.05 (1975), reveals that these sections are applicable only in the event the child is to be tried as a juvenile on the issue of delinquent conduct or need for supervision. If he is certified to stand trial as an adult, then his sanity will be measured by the more onerous adult standards than by those applicable to juveniles. The insanity of an adult is determined by whether the accused "... as a result of mental disease or defect, either did not know that his conduct was wrong or was incapable of conforming his conduct to the requirements of the law he allegedly violated." Tex.Penal Code Ann. § 8.01 (1974).
The responsibility of a juvenile for delinquent conduct or conduct indicating a need for supervision is determined by whether, at the time of the alleged conduct, "... as a result of mental disease or defect, he lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law." Tex.Family Code Ann. § 55.05 (1975).
The child has not been accused of either delinquent conduct or of conduct indicating a need for supervision. Since the delinquent conduct and the need of supervision statutes are not here applicable, it follows that the court was not required to make findings under them.
The confusion arises because there is another statute which the child had the right to invoke at any time: Tex.Family Code Ann. § 55.04 (1975). That statute requires that if the child's fitness to proceed is in question, then a determination of that issue must be made separate from, and prior to transfer to criminal court or adjudication. Counsel for the child never prayed for such a hearing.
We overrule the first three points of error.
By his fourth point, the child urges the trial court erred in refusing his motion for the denial of the petition for certification at the time the State rested its case in chief in the certification hearing, and again at the close of all the evidence. By proceeding to put on evidence after his first motion was denied, the child waived that *783 portion of his point of error. Texas Construction Rentals, Inc. v. Harrison, 410 S.W.2d 482 (Tex.Civ.App., Waco 1966, writ ref'd n. r. e). We therefore overrule that part of point of error no. 4, and deal with the second part, the re-urging of his motion at the close of all the evidence.
The statute governing waiver of jurisdiction and transfer to criminal court, Tex. Family Code Ann. § 54.02 (1975) states, in pertinent part:
". . .
"(d) Prior to the hearing, the juvenile court shall order and obtain a complete diagnostic study, social evaluation, and full investigation of the child, his circumstances, and the circumstances of the alleged offense."
There can be no question from the record that this statute was complied with in all its aspects. The diagnostic study was done and was considered by the judge. In fact, he stated, in response to the child's first motion, "Well, for the purposes of the record, the Court has read the prediagnostic report, and I do consider it, although, [sic] I am not sure whether or not it was introduced into evidence, in the previous hearing. Based on that, I will deny your motion." (Emphasis supplied.)
The provisions of Tex.Family Code Ann. § 54.02 (1975) are mandatory. R.E.M. v. State, 532 S.W.2d 645 (Tex.Civ.App., San Antonio 1975), on appeal after remand 541 S.W.2d 841 (Tex.Civ.App., San Antonio 1976, writ ref'd n. r. e.). The clear implication is that the court must not only "order and obtain" a diagnostic study, but must also consider it, as the State urges in its brief. As we have seen, the trial judge did consider the study in this case; in fact he relied on it in making his decision.
The diagnostic study considered by the trial court is before us by stipulation of the parties approved by the trial court. This report is very comprehensive and includes original reports of Dr. H. E. Bonham, M.D., Dr. Swen Helge, Ph.D., Dr. John R. Price, Ph.D., Mr. Jerry M. Wood, Supervisor of Intake, Juvenile Detention Center, Mr. Wesley E. Robinett, Assistant Probation Officer, Tarrant County, a detention evaluation prepared from daily observations by Mr. Bill Austin, Program Director of the Juvenile Department and Mr. Mel Brown, Jr., staff member.
The court's judgment is supported by sworn testimony adduced at the trial, testimony of three days' duration by experts on the issue of insanity, fact witnesses including teachers and those with whom the child came in contact in his daily life.
The order of the juvenile court waiving its jurisdiction over the child and certifying him for trial as an adult is affirmed.