**In the Matter of**
K_____W_____E_____.

**No. 5754.**

Court of Civil Appeals of Texas, Waco.

Sept. 29, 1977.

---

Douglas R. Bergen, Bergen and Crow, Waco, for appellant.

Felipe Reyna, Crim. Dist. Atty., Rodney Goble, Asst. Dist. Atty., Robert W. Pearson, Asst. Dist. Atty., Waco, for appellee.

HALL, Justice.

On motion of the State charging the juvenile appellant with the felony offenses of aggravated rape and aggravated sexual abuse, the Juvenile Court waived jurisdiction over appellant and ordered him transferred to the District Court for criminal proceedings under the provisions of V.T. C.A., Family Code, Section 54.02. Appellant seeks reversal of the order on three grounds: (1) That the court erred in overruling his motion for psychiatric examination pursuant to Family Code,[1] Section 55.-05; (2) that the court did not set forth the specific reasons for its order as required by Section 54.02(h); and (3) that the court's finding that "the prospect of adequate protection for the public and the likelihood of reasonable rehabilitation of the child by the use of the procedures, services and facilities currently available to the Juvenile Court are in serious doubt" is not supported by any evidence because no evidence was adduced showing what "procedures, services and facilities" are currently available to the court. We overrule these contentions and affirm the judgment.

The motion for psychiatric examination which appellant asserts was erroneously overruled was made under Section 55.-05(b) which provides for psychiatric inquiry to assist in determining whether "a child alleged to have engaged in delinquent conduct or conduct indicating a need for supervision may not be responsible as a result of mental disease or defect." Section 55.05(b) is not referable to a discretionary transfer proceeding which is concerned with adult responsibility for criminal activity, but applies "only in the event the child is to be tried as a juvenile on the issue of delin-

---

1. All statutory references are to V.T.C.A., Family Code.

quent conduct or need for supervision." *R. K. A. v. State,* 553 S.W.2d 781, 782 (Tex.Civ. App.—Fort Worth 1977, no writ). The motion was properly overruled.

■ If the juvenile court waives jurisdiction, it must state in the order "its reasons for waiver." Section 54.02(h). In our case the court made numerous findings in support of its waiver, and then stated in the order, "THEREFORE, by reason of the foregoing findings" jurisdiction was waived. This satisfied the statute.

■ After finding that appellant committed the sex offenses asserted against him "in an aggressive and premeditated manner," the court found further that "[his] attitudes toward sex are very distorted and his behavior in this area has the potential to erupt at any time; that his personality in this regard is very impulsive, volatile and unpredictable; that the danger associated with this part of him must not be minimized; that corrective treatment would take several years; and that because of the extreme and severe nature of the alleged crimes the prospect of adequate protection for the public and the likelihood of reasonable rehabilitation of the child by the use of the procedures, services and facilities currently available to the Juvenile Court are in serious doubt." As we have said, appellant contends the last finding is erroneous because no evidence was adduced showing what "procedures, services and facilities" were available to the court. We overrule this contention. Whatever procedures, services and facilities were reasonably available to the court for appellant's rehabilitation would have been within the court's knowledge without need of proof. *Meza v. State,* 543 S.W.2d 189, 194 (Tex.Civ. App.—Austin 1976, no writ).

The judgment is affirmed.