In re M.A.V., JR., Appellant,

v.

**WEBB COUNTY COURT
AT LAW, Appellee.**

No. 04–91–00622–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 30, 1992.
Rehearing Denied Dec. 10, 1992.

Richard J. Gonzalez, Laredo, for appellant.

Leticia L. Martinez, Mario A. Castillo, Jr., Asst. Webb County Atty., Laredo, for appellee.

Before REEVES, C.J., and CARR and GARCIA, JJ.

## OPINION

REEVES, Chief Justice.

This appeal involves juvenile delinquency proceedings, specifically hearings on temporary hospitalization, fitness to proceed, right to trial by jury, and a waiver of jurisdiction and discretionary transfer to an adult criminal court.

We affirm in part and reverse and remand in part.

## FACTS

A petition for waiver of jurisdiction and discretionary transfer to criminal district court from the Webb County Court at Law charged the appellant with three counts of murder, seven counts of capital murder, two counts of burglary, one count of theft, and one count of robbery.

On January 30, 1991, Judge Zardenetta signed an agreed order for diagnostic study, social evaluation, and full investigation of child, his circumstances, and circumstances of alleged offense under the authority of TEX.FAM.CODE ANN. § 54.02(d) (Vernon 1986) (Waiver of Jurisdiction and Discretionary Transfer to Criminal Court).

On March 14, 1991, Judge Zardenetta signed an order to initiate proceedings for temporary hospitalization, and to make medical and psychiatric inquiry under the authority of TEX.FAM.CODE ANN. § 55.02(a) (Vernon 1986).

Judge Vasquez, the now presiding juvenile judge, signed, on April 30, 1991, a corrected order to initiate proceedings for temporary hospitalization and to make medical and psychiatric inquiry in order to substitute examining physicians.

The appellant filed on August 6, 1991, his Suggestion That Child May Be Unfit to Proceed and Demand for Jury Trial on the issues of fitness to proceed and on whether the defendant should be hospitalized temporarily.

The court ordered the evaluating physicians to file supplementary reports on certain issues on August 9, 1991.

During a September 5, 1991 hearing, the judge stated that he "shall initiate proceedings to order temporary hospitalization of the child for observation of treatment" under the authority of TEX.FAM.CODE ANN. § 55.02 (Vernon 1986) although, he stated, "[w]hile I have not ordered hospitalization, I've ordered him examined, based on the fact that we have him under care."

A hearing was held on September 12–13, 1991. The judge ruled that since the psychiatric evaluation was completed under Family Code §§ 55.02 and 55.04, the court, after reviewing the record finds that further inquiries about the mental illness or a mental defect excluding fitness is not needed. Therefore, the defendant was ordered fit to proceed and mentally stable.

The juvenile court proceeded with the hearing on the waiver of jurisdiction and discretionary transfer to criminal district court and found sufficient evidence to waive its jurisdiction on some of the counts, dismissed others, and transferred the juvenile to an adult criminal court under the supervision of the Webb County Sheriff.

## FITNESS TO PROCEED JURY TRIAL

■ The appellant asserts the trial court erred by denying him a jury on the Mental Disease or Defect Excluding Fitness to Proceed hearing. The appellee counters that it was harmless error that the appellant was not granted a jury trial because there was no evidence of mental illness or defect. We disagree.

■ The right of trial by jury shall remain inviolate. TEX. CONST. art. I, § 15 (1891, amended 1935). The Texas Constitution continues:

> The Legislature may enact all laws necessary to provide for the trial, adjudication of insanity and commitment of persons of unsound mind.... Such laws may provide for a waiver of trial by jury, in cases where the person under inquiry has not been charged with the commission of a criminal offense ... and shall provide for a method of service of notice of such trial upon the person under inquiry and of his right to demand a trial by jury.

TEX. CONST. art. I, § 15–a (1891, amended 1956). Thus, by implication, a person of unsound mind who has been charged with the commission of a criminal offense has a state constitutional right to a trial by jury.

The statutory authority for the Mental Disease or Defect Excluding Fitness to Proceed hearing recognizes the juvenile defendant's right to a jury trial: "[t]he court or jury shall determine ... whether the child is fit or unfit to proceed." TEX.FAM. CODE ANN. § 55.04(c) (Vernon 1986) (emphasis added). The child can waive his constitutional right to a jury trial but only if four prerequisites are fulfilled.[1] TEX.FAM.CODE

---

1. The jury trial waiver prerequisites are: (1) the waiver is made by the child and the attorney for the child; (2) the child and the attorney waiving the right are informed of and understand the

ANN. § 51.09(a) (Vernon 1986). The child's right to a jury in a hearing to determine fitness to proceed has been recognized. *V.C.H. v. State*, 662 S.W.2d 42, 45 (Tex. App.—Houston [1st Dist.] 1983, no writ).

■■■ The right to a jury hearing to determine whether a juvenile defendant is fit to proceed is inviolate. There is no prerequisite that the juvenile present evidence that he is of unsound mind. Because the child did not waive his right to a jury, the appellant's first point of error is sustained.

## TEMPORARY HOSPITALIZATION JURY TRIAL

In his second point of error, the appellant asserts that the trial court erred by: (1) denying him a jury trial on the question of whether the appellant should be hospitalized temporarily; and (2) using medical examinations that were older than thirty days to determine whether the appellant should be hospitalized temporarily.

■ First, we consider whether the appellant has a right to a jury trial on the issue of temporary hospitalization.

> If it appears to the juvenile court, on suggestion of a party or on the court's own notice, that a child alleged by petition or found to have engaged in delinquent conduct or conduct indicating a need for supervision may be mentally ill, the court shall initiate proceedings to order temporary hospitalization of the child for observation and treatment.

TEX.FAM.CODE ANN. § 55.02(a) (Vernon 1986). The trial court initiated proceedings on March 14, 1991, to have the appellant hospitalized temporarily for observation and treatment.

"Subtitle C, Title 7, Health and Safety Code, governs proceedings for temporary hospitalization except that the juvenile court shall conduct the proceedings whether or not the juvenile court is also a county court." TEX.FAM.CODE ANN. § 55.02(b) (Vernon Supp.1992). Subtitle C, Title 7 of the Health and Safety Code dictates that

"[a] hearing for temporary mental health services must be before the court unless the proposed patient or the proposed patient's attorney requests a jury." TEX. HEALTH & SAFETY CODE ANN. § 574.032(a) (Vernon 1992). The appellant requested a hearing before a jury for temporary mental health services on August 6, 1991. A jury hearing, however, was denied. The appellant did not waive the right to a jury either orally or in writing. TEX.HEALTH & SAFETY CODE ANN. § 574.032(c) (Vernon 1992).

The appellee asserts that TEX.FAM.CODE ANN. § 55.02 (Vernon 1986 & Supp.1992) applies only after the appellant can provide satisfactory, competent evidence which suggests that a child might be suffering from mental illness; if sufficient evidence is presented to the court, then the court may, at its discretion, order a hearing by jury under the Texas Mental Health Code. In support of this proposition, the appellee cites *R.K.A. v. State*, 553 S.W.2d 781 (Tex. Civ.App.—Fort Worth 1977, no writ) and distinguishes *T.P.S. v. State*, 590 S.W.2d 946 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.).

We find that the appellee's position is inconsistent with statutory authority and we disagree with the State's interpretation of case law.

The troubling language from *R.K.A.*, 553 S.W.2d at 782 is as follows:

> A careful reading of the statutes, Tex.Family Code Ann. §§ 55.02 and 55.05 (1975), reveals that these sections are applicable only in the event the child is to be tried as a juvenile on the issue of delinquent conduct or need for supervision. If he is certified to stand trial as an adult, then his sanity will be measured by the more onerous adult standards than by those applicable to juveniles.

The court in *T.P.S. v. State*, 590 S.W.2d 946, 950 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.) apparently interpreted *R.K.A.* to mean that the filing of a petition seeking a discretionary transfer changes the child's

right and the possible consequences of waiving it; (3) the waiver is voluntary; and (4) the

waiver is made in writing or in court proceedings that are recorded.

status as a juvenile before the juvenile court has an opportunity to exercise the discretion provided by section 54.02; the court disagreed with this interpretation. The appellee would have us interpret this language to mean that section 55.02 applies only if the child is to be tried as a juvenile on the issue of delinquent conduct or need for supervision. Since the child will be tried as an adult, they argue, it follows that section 55.02 will not apply.

■ Although we may not agree with the interpretation given of the *R.K.A.* holding, we follow *T.P.S.* and choose not to adopt appellee's contention. Section 55.02 of the Family Code is not avoided because the State seeks transfer to an adult criminal court.

Appellee further cites *T.P.S.* as authority for its contention that a jury hearing under section 55.02 of the Family Code is not required unless the appellant first provides competent evidence that suggests the child is mentally ill.

In *T.P.S.* the appellant filed a "motion for temporary hospitalization and observation" but the court denied a request for a hearing on the issue. The appellate court's task was to determine whether the information before the court was sufficient to require the trial court to institute proceedings for such temporary hospitalization. *T.P.S.*, 590 S.W.2d at 952. Thus, the court reviewed the record to determine if there was sufficient information to show that the appellant may be mentally ill. Because there was sufficient information to suggest that the appellant was mentally ill, the cause was remanded to the trial court for a hearing on this issue.

In the case at hand, however, the court initiated proceedings for temporary hospitalization pursuant to section 55.02 of the Family Code. As evidenced by the language of section 55.02(a) of the Family Code, the juvenile court recognized that the appellant may be mentally ill since the court initiated temporary hospitalization proceedings. The trial court had hearings on September 12–13, 1991, to determine whether the appellant was mentally stable. Thus, unlike *T.P.S.*, a hearing on the tem-

porary hospitalization was held in the case at hand after the court recognized that the child may be mentally ill. The juvenile court erred by denying the appellant a jury hearing on the issue of whether he should be hospitalized temporarily after the court recognized that the child may be mentally ill.

The appellant also asserts as error that the trial court used medical examinations that were older than thirty days to determine whether the appellant should be hospitalized temporarily.

Subtitle C, Title 7 of the Health and Safety Code governs proceedings for temporary hospitalization. TEX.FAM.CODE ANN. § 55.02(b) (Vernon Supp.1992). "A hearing on an application for court-ordered mental health services may not be held unless there are on file with the court at least two certificates of medical examination for mental illness completed by different physicians each of whom has examined the proposed patient during the **preceding 30 days**." TEX.HEALTH & SAFETY CODE ANN. § 574.009(a) (Vernon 1992) (emphasis added).

The trial court's hearing on whether the appellant should be hospitalized temporarily was held September 12–13, 1991. The appellant asserts that he was not evaluated within 30 days of that hearing.

■ We instruct the trial court that when they hold the jury trial on whether the appellant should be hospitalized temporarily, they must have at least two certificates of medical examination for mental illness completed by different physicians, each of whom has examined the appellant within 30 days of the trial.

## MOTION TO QUASH

■ Appellant's third point of error claims the trial court erred by failing to hold a hearing on his motion to quash the charging instrument.

The appellant filed a motion to quash on August 5, 1991, but withdrew it in open court three days later as part of an agreement between the appellant and appellee: "The motion to quash, your honor, that

was filed last Monday, will be withdrawn and will not be urged at the September hearing." During the October 3, 1991, hearing, the trial judge refused the appellant's request to consider the motion to quash the petition. The judge reasoned that the appellant waived any such consideration.

Appellant asserts the following errors with the petition: (1) counts XVI and XVII do not allege the victim of murder; (2) counts VII and IX do not identify whether it was a habitation or a building that was burglarized; (3) it is unclear whether count XVII is charging burglary or robbery; and (4) no count alleged the place of the alleged acts.

The appellant did not waive his right to challenge the petition through his motion to quash the charging instrument. The trial judge's irritation with appellant's tactics is understandable; the appellant orally stated he would withdraw his motion to quash and yet urged the plea subsequently.

Except when in conflict with a provision of Title 3 of the Texas Family Code, the Texas Rules of Civil Procedure govern proceedings under this title. TEX.FAM.CODE ANN. § 51.17 (Vernon 1986). Under the Texas Rules of Civil Procedure, defects in pleadings that are pointed out in writing and brought to the attention of the trial judge before the judgment is signed is not waived. TEX.R.CIV.P. 90. Because the appellant pointed out in writing and brought to the attention of the trial judge the alleged defects before the judgment was signed, the points of error were not waived. Additionally, the child did not waive his right to proper notice through the petition as required by TEX.FAM.CODE ANN. § 51.-09(a) (Vernon 1986); *In re W.H.C., III*, 580 S.W.2d 606, 608 (Tex.Civ.App.—Amarillo 1979, no writ).

■ The question before us now is whether the petition was defective. In a juvenile proceeding, petitions for an adjudication or transfer hearing are governed by the family code. TEX.FAM.CODE ANN. § 53.04 (Vernon 1986); *L.G.R. v. State*, 724 S.W.2d 775, 776 (Tex.1987). The petition must state "with reasonable particularity the time, place, and manner of the acts alleged and the penal law or standard of conduct allegedly violated by the acts." TEX.FAM.CODE ANN. § 53.04(d)(1) (Vernon 1986). These provisions are mandatory. *In re D.W.M.*, 562 S.W.2d 851, 852 (Tex. 1978).

■ Section 53.04(d)(1) of the Family Code follows the United States Supreme Court due process mandate in juvenile proceedings that adequate notice must " 'set forth the alleged misconduct with particularity.' " *In re Gault*, 387 U.S. 1, 33, 87 S.Ct. 1428, 1446, 18 L.Ed.2d 527 (1967). The Texas Supreme Court has also recognized the juvenile's right to the essentials of due process and fair treatment even though delinquency proceedings are civil in nature. *In re J.R.R.*, 696 S.W.2d 382, 383–84 (Tex.1985). A juvenile must know of the specific issues he is to meet. *Carrillo v. State*, 480 S.W.2d 612, 615 (Tex.1972). It is not essential, however, that the petition allege an offense with the particularity of a criminal indictment. *In re Edwards*, 644 S.W.2d 815, 821 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). The charge just needs to be reasonable and definite. *Robinson v. State*, 204 S.W.2d 981, 982 (Tex. Civ.App.—Austin 1947, no writ).

■ Appellant first argues that counts XVI and XVII do not allege the victims of the crimes.

Count XVI is as follows:
Petitioner alleges that the said [M.A.V., Jr.] did violate a penal law of the grade of Felony to-wit: Section 30.02 of the Texas Penal Code in that on or about the 18th day of January 1991 at approximately 1:00 a.m. in Laredo Webb County, Texas, [M.A.V., Jr.] acting together with Miguel Angel Martinez (adult) did then and there intentionally and knowingly without the effective consent of James D. Smiley, the owner thereof, enter a habitation and did attempt to commit and commit murder. (Burglary, Felony 1)

Count XVII is as follows:
Petitioner alleges that the said [M.A.V., Jr.] did violate a penal law of the grade of Felony to-wit: Section 30.02 of the

Texas Penal Code in that on or about the 18th day of January 1991 at approximately 1:00 a.m. in Laredo Webb County, Texas, [M.A.V., Jr.] acting together with Miguel Angel Martinez (adult) did then and there intentionally and knowingly without the effective consent of James D. Smiley, the owner thereof, enter a habitation and did attempt to commit and commit robbery. (Robbery, Felony 1)

■ A petition to transfer the trial of a juvenile to a district court as an adult need not meet the requirements and particularities of an indictment. *Ex Parte Solete*, 603 S.W.2d 853, 857 (Tex.Crim.App.1980); *In re Edwards*, 644 S.W.2d 815, 821 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.) (petition did not need to apprise appellant of whether the victim of murder was the same victim of burglary); *Robinson v. State*, 204 S.W.2d 981, 982 (Tex.Civ.App.—Austin 1947, no writ). The petition, however, must give the juvenile notice of the offense charged. There were three victims of murder and appellant should be charged with notice as to which victim he is accused of killing and robbing. On remand, appellee shall amend the petition and name all victims of all alleged crimes.

■ Appellant complains further that counts VII and IX do not identify whether a habitation or building were burglarized.

Count VII is as follows:

Petitioner alleges that the said [M.A.V., Jr.] did violate a penal law of the grade of Felony to-wit: Section 19.03(a)(2) of the Texas Penal Code in that on or about the 18th day of January 1991 at approximately 1:00 a.m. in Laredo, Webb County, Texas, [M.A.V., Jr.] acting together with Miguel Angel Martinez (adult) in the course of attempting to commit and committing burglary of James D. Smiley did then and there intentionally commit murder by causing the death of an individual, Daniel Duenez by stabbing him with a knife against the Peace and Dignity of the State. (Capital Murder, F/1)

Count IX is as follows:

Petitioner alleges that the said [M.A.V., Jr.] did violate a penal law of the grade of Felony to-wit: Section 19.03(a)(2) of

the Texas Penal Code in that on or about the 18th day of January 1991 at approximately 1:00 a.m. in Laredo, Webb County, Texas, [M.A.V., Jr.] acting together with Miguel Angel Martinez (adult) in the course of attempting to commit and committing burglary of James D. Smiley did then [sic] and there intentionally commit murder by causing the death of an individual, Ruben Martinez, Jr. by stabbing him with a knife and an ax against the Peace and Dignity of the State. (Capital Murder, F/1)

■ Appellant is charged above with two counts of capital murder, that is, he committed murder while committing or attempting to commit burglary. A juvenile, who is certified for trial as an adult, will eventually be tried for a felony upon an indictment, not the State's petition filed in the juvenile court. *Ex parte Solete*, 603 S.W.2d at 857. Because the petition to transfer the trial to a district court does not need to meet the requirements and particularities of an indictment, and because the transfer hearing does not determine the minor's guilt, punishment, or delinquency, we find that the child had sufficient notice of the offense charged and the issues which he must meet even though neither the habitation nor building were identified.

■ Third, appellant claims that it is unclear whether count XVII is charging burglary or robbery. The charge states that the appellant violated Section 30.02 of the Texas Penal Code by entering "a habitation and did attempt to commit and commit robbery." Appellant explains that "the stated penal law allegedly violated is Robbery, which is a lesser included offense. Thus, it is not clear whether the State intended to charge a burglary here or a robbery." Our understanding of the Texas Penal Code is that section 30.02 is the violation of burglary, not robbery. It is quite clear to us that the State is charging the appellant with burglary: the appellant allegedly entered a building or habitation without the effective consent of the owner

and committed a felony, robbery. Appellant's point of error is overruled.

Lastly, appellant contends that no count alleged the place of the alleged acts. Each petition count alleged that the alleged crimes took place in Laredo, Webb County, Texas, on or about the 18th day of January 1991 at approximately 1:00 a.m.. It is enough that the appellee alleged the county and state of the crime on or about a particular date. *In re Edwards*, 644 S.W.2d 815, 821 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). Appellant's point is overruled.

## SURPRISE WITNESS

In his fourth point of error, appellant claims the trial court erred by failing to exclude the testimony of a surprise witness and in finding there was probable cause to believe appellant had committed the alleged offenses.

First, we consider whether it was error to admit the testimony of Raymond Gutierrez, the surprise witness. The appellant filed his requests for Interrogatories and Request for Production on July 15, 1991. A witness list was not requested. The appellee, however, filed a witness list on September 24, 1991, voluntarily. The witness list did not name Raymond Gutierrez but listed "[a]ll other witnesses listed on the offense report as [sic] prepared by the Laredo Police Department." The Laredo Police Department's offense report is not part of the appellate record. Appellee's brief, however, alludes to the fact that Raymond Gutierrez was listed as a witness on the report.

During the certification hearing on October 3–4, 1991, the appellant stated in open court, "[t]hey have a statement from Raymond Gutierrez. They could call Raymond Gutierrez as a witness to come in and testify." Later that day when the appellee attempted to call Raymond Gutierrez as a witness, the appellant objected claiming surprise. The previous Tuesday, appellant orally asked the appellee who their witnesses would be. The appellee responded that they would call some of the witnesses that were subpoenaed and Andy Guardiola,

Mario Alvarado, and Blasa Bluhm. The judge allowed the testimony of Raymond Gutierrez since: (1) he was mentioned indirectly through the witness list; (2) the appellant had notice that morning that the appellee would call him as a witness; and (3) appellee's oral statements about who she would call as witnesses did not cause her to waive her right to call the witness.

Except when in conflict with a provision of Title 3 of the Texas Family Code, the Texas Rules of Civil Procedure govern proceedings under this title. TEX.FAM.CODE ANN. § 51.17 (Vernon 1986). The duty to supplement a request for discovery is detailed in the Rules of Civil Procedure: "A party who has responded to a **request for discovery** that was correct and complete when made is under no duty to supplement his response" except under certain situations. TEX.R.CIV.P. 166b(6) (emphasis added). Because the appellant did not request a witness list through discovery, Rule 166b(6) is inapplicable and the appellee had no duty to supplement the witness list without further appellant requests or agreements. Appellant's point of error is overruled.

## REHABILITATION

Appellant in his fifth point of error asserts that the trial court erred in admitting the speculative testimony of a juvenile probation officer about probable length of stay at the Texas Youth Commission. Additionally, appellant complains that the court's findings were erroneous concerning adequate protection of the public and the likelihood of rehabilitation by procedures, services, and facilities currently available.

First, we consider whether it was erroneous to admit the testimony of the juvenile probation officer concerning probable length of stay at the Texas Youth Commission.

The appellee during the discretionary transfer hearing asked the witness Pat Campos, a juvenile probation officer, what the juvenile system could do to rehabilitate the appellant if he was not certified as an adult. She answered that if he was on a direct commitment, he would be at the Tex-

as Youth Commission only until he is eighteen years old. Appellant did not object to this response. Several questions later, the appellant asked her if she would recommend direct commitment to the Texas Youth Commission. She answered that if the appellant was a model child in detention, he would be released from detention no later than age eighteen. The appellant objected to her response. He reasoned that because she did not work for the Texas Youth Commission her opinion was speculative.

To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion. TEX.R.APP.P. 52(a). The appellant's complaint, if valid, was not timely since he did not object to the evidence the first time it was admitted. *Butler v. State,* 769 S.W.2d 234, 242 (Tex.Crim.App.1989). Appellant has waived any error. His point of error is overruled.

■ Additionally, appellant complains that the court's findings were erroneous concerning adequate protection of the public and the likelihood of rehabilitation by procedures, services, and facilities currently available.

Appellant has failed to adequately brief this point of error. A point of error is stated sufficiently if it directs the attention of the appellate court to the error about which the complaint is made. TEX.R.APP.P. 74(d). Additionally, the argument is to reference pages in the record where the statement of facts may be found and to discuss the facts and the authorities relied upon as may be requisite to maintain the point at issue. TEX.R.APP.P. 74(f). The appellant's point of error does not direct our attention to the error he is complaining about because he does not specify whether the error is one of legal or factual sufficiency. Additionally, the accompanying argument does not reference the statement of facts, except for the trial judge's ultimate finding, and does not cite any supportive authority for this part of his point of error. This point of error will not be considered.

## ADMONISHMENT

■ In his sixth point of error, appellant claims the trial court erred in transferring jurisdiction because it failed to admonish him of the accusation, the possible consequences of the petition for waiver, his right to confrontation and cross-examination, and his privilege against self-incrimination. Appellant further contends that the appellant did not waive his right to an admonishment pursuant to TEX.FAM.CODE ANN. § 51.09 (Vernon 1986 & Supp.1992).

At the beginning of a juvenile adjudication hearing, the trial judge must explain to the child and his parent, guardian, or guardian ad litem the following things:

(1) the allegations made against the child; (2) the nature and possible consequences of the proceedings, including the law relating to the admissibility of the record of a juvenile court adjudication in a criminal proceeding; (3) the child's privilege against self-incrimination; (4) the child's right to trial and to confrontation of witnesses; (5) the child's right to representation by an attorney if he is not already represented; and (6) the child's right to trial by jury.

TEX.FAM.CODE ANN. § 54.03(b) (Vernon Supp.1992).

■ The appellant alleges that he should have received these admonishments at his discretionary transfer to adult criminal court hearing (discretionary transfer hearing). The discretionary transfer hearing, however, was not an adjudication but rather was dispositional in nature. *In re G.B.B.,* 638 S.W.2d 162, 164 (Tex.App.— Houston [1st Dist.] 1982, no writ). Therefore, section 54.03 of the Family Code is inapplicable in a Discretionary Transfer hearing.

■ Appellant cites United States Supreme Court authority for his point of error: "Due process of law requires notice of the sort we have described—that is, notice which would be deemed constitutionally adequate in a civil or criminal proceeding." *In re Gault,* 387 U.S. 1, 33, 87 S.Ct. 1428, 1446, 18 L.Ed.2d 527 (1967). Appellant's cited authority, however, does not support

his position when subjected to scrutiny. The Supreme Court in *In re Gault* was not here concerned with the procedures or constitutional rights applicable to the prejudicial stages of the juvenile process, nor ... the post-adjudicative or dispositional process.... We consider only ... whether a juvenile is a "delinquent" as a result of alleged misconduct on his part, with the consequence that he may be committed to a state institution.

*In re Gault*, 387 U.S. at 13, 87 S.Ct. at 1436. Because the discretionary transfer hearing is dispositional, the due process that is constitutionally adequate in a civil or criminal proceeding is not applicable. In fact, the Supreme Court cited their previous case *Kent v. United States*, 383 U.S. 541, 562, 86 S.Ct. 1045, 1057, 16 L.Ed.2d 84 (1966) which stated "[w]e do not mean ... to indicate that the [waiver] hearing to be held must conform with all of the requirements of a criminal trial or even of the usual administrative hearing." *In re Gault*, 387 U.S. at 30, 87 S.Ct. at 1445. There is no authority for imposing a duty on the trial judge to admonish the appellant of section 54.03 rights in a Discretionary Transfer hearing.

Because the appellant had no right to admonishment in the discretionary transfer hearing, no waiver pursuant to section 51.-09(a) of the Family Code was required. Consequently, appellant's sixth point of error is overruled.

### PROBABLE CAUSE

■ Appellant's seventh point of error charges that the trial court erred in finding probable cause on the theft charge since value was not shown or proven.

The juvenile court may waive its exclusive original jurisdiction and transfer the child to a district court for criminal proceedings only if the court finds there is probable cause to believe that the child committed the alleged offense. TEX.FAM. CODE ANN. § 54.02(j)(5) (Vernon Supp.1992).

Appellant cites *Snider v. State*, 681 S.W.2d 60 (Tex.Crim.App.1984) as authority although he does not explain how it supports his position. We do not see how

*Snider* supports his position since it dealt with probable cause in relation to searches and seizures. Additionally, *Snider* dealt with proving the aggregate fair market value of stolen property when an indictment alleges theft of several items with an aggregate value. The case is not dispositive because it is not essential that the petition allege an offense with the particularity of a criminal indictment. *Ex parte Solete*, 603 S.W.2d 853, 857 (Tex.Crim.App. 1980); *In re Edwards*, 644 S.W.2d 815, 821 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.); *Robinson v. State*, 204 S.W.2d 981, 982 (Tex.Civ.App.—Austin 1947, no writ). Therefore, the case law dealing with indictments should not be controlling.

Because the appellant supports no authority for his point of error, it is overruled.

### CAPITAL MURDER CHARGES

■ Appellant states in his eighth point that the trial court erred in waiving jurisdiction on three Capital Murder charges because the State in response to interrogatories stated that the murders were committed without any motive. Because the petition charged that the murders were committed in the course of a burglary, with apparent motive, the State was allowed to go beyond what was stated in response to appellant's interrogatories.

Once again the appellant does not support his point with any reference to the record or any authority. If we understand the appellant's contention, he would have the trial court barred from transferring the capital murder charges because an answer to an interrogatory was in variance with the petition as to the murder motive.

We cannot fathom such a holding. If there is any merit to appellant's contention, it does not concern the transfer of jurisdiction but rather would concern the merits of the trial that has not taken place yet. This point of error is overruled.

The trial judge's order that found the child mentally stable and fit to proceed is dissolved. Additionally, the trial judge's order that waived jurisdiction and trans-

ferred the juvenile to an adult criminal court under the supervision of the Webb County Sheriff is dissolved. The cause is reversed and remanded to the trial court who shall hold jury trials on the temporary hospitalization and fitness to proceed issues.