**AFFIRM; and Opinion Filed December 28, 2023.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-00973-CV

## IN THE MATTER OF J.B., A JUVENILE

**On Appeal from the 305th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JD-21-00009-X**

## MEMORANDUM OPINION

Before Justices Carlyle, Smith, and Kennedy
Opinion by Justice Kennedy

Appellant, J.B., was charged with the offense of aggravated sexual assault.

Although appellant was 16 years old at the time of the alleged offense, charges were

not filed against him until after his 18th birthday. Because appellant was over 18

years of age when charges were filed, the State filed a petition for discretionary

transfer from the juvenile court to the criminal district court under Texas Family

Code section 54.02(j). *See* TEX. FAM. CODE ANN. § 54.02(j). After conducting a

hearing on the State's petition, the juvenile court waived its jurisdiction and

transferred the case to the criminal district court. Appellant appeals the juvenile

court's transfer order claiming his right to a speedy trial was violated and attempting

to raise an issue concerning the summons and its service upon him. We affirm the juvenile court's order waiving jurisdiction and transferring the case to the criminal district court. Because the dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

On January 5, 2021, the State filed its petition for discretionary transfer asserting that on or about July 23, 2016, appellant, who was then 16 years old, about to turn 17, committed the offense of aggravated sexual assault with a deadly weapon. The State indicated that, for reasons beyond its control, it was not practicable to proceed in juvenile court before appellant's 18th birthday and/or, after exercising due diligence, it was not practicable for the State to proceed in the juvenile court before appellant's 18th birthday because the State did not have probable cause to proceed in the juvenile court before appellant's 18th birthday and that new evidence had been found since appellant's 18th birthday.

On February 22, 2021, appellant was served with the petition and summons for a February 17, 2021 hearing on the petition while he was in the custody of the Texas Department of Corrections. A bench warrant issued on May 4, 2021. On May 18, 2023, the bench warrant was recalled, and appellant was taken into custody for discretionary transfer proceedings.

The juvenile court held a hearing on the State's petition on September 14, 2023. At that time, appellant was 24 years old and was represented by counsel. The

–2–

juvenile court judge explained to appellant that the court was being asked to transfer him to stand trial as an adult on the charge of aggravated sexual assault, and that, if he was transferred to stand trial as an adult, he could receive a punishment ranging from 5 to 99 years or life imprisonment. In addition, the juvenile court judge explained to appellant that the court's charge in connection with the transfer request was to make a decision about whether probable cause existed in his case.

At the hearing, the State's witnesses were Detective Allen Holmes, the investigating officer, and Linyeness Paine, an Assistant Supervisor with the Dallas County Juvenile Department. Appellant did not testify at the hearing, and he did not call any witnesses.

Through Detective Holmes, the State established the following. This case was assigned to the detective within a few days of the occurrence of the alleged offense. As part of his investigation, he interviewed the complainant, identified by the pseudonym of Melissa Holmes.[1] Melissa relayed to Detective Holmes the events leading up to the alleged sexual assault. She told him she was outside of her apartment smoking a cigarette when three individuals she did not know approached her and asked if she wanted marijuana. She responded "yes" and followed them into a wooded area next to the apartment complex. The individuals then demanded

---

[1] Detective Holmes explained the pseudonym is comprised of the lead detective's last name and a first name chosen by the complainant.

payment for the marijuana. When Melissa responded that she did not have any money, the individuals got angry and said she was going to have to pay somehow. One of the individuals then sexually assaulted her while one of the others held a gun. Melissa was also beaten, kicked, and hit with rocks. Melissa described the individuals as black males, ranging in height from 5 feet to 5 feet 8 inches and indicated that the tallest one was the individual who sexually assaulted her.

Before Detective Holmes interviewed Melissa, she underwent a sexual assault forensic exam at a nearby hospital. During that exam, evidence was collected and transferred to the Dallas County Crime Lab where the kit was processed for any form of a male DNA. In this case, the lab was able to generate a DNA profile, which was uploaded into the FBI's Combined DNA Index System (CODIS). Once the DNA profile is uploaded into CODIS, the system continuously searches for matches with known offenders. Initially, CODIS did not find any matches to the DNA profile developed from the evidence collected during the forensic examination of Melissa.

Detective Holmes attempted to develop some suspects but was unable to do so, and the case went cold. Then on June 9, 2020, he got a "known offender" hit on the DNA results through CODIS, meaning a known suspect's DNA matched against the unknown male DNA profile generated from the analysis of the DNA collected during Melissa's forensic exam. Appellant was identified as the known offender who matched the DNA profile.

The police department then contacted Melissa to view a lineup to rule out the DNA belonging to a consensual partner. Melissa did not recognize anyone in the lineup. Detective Holmes showed Melissa the picture of the individual whose DNA matched the DNA collected during her forensic exam and asked her if she recognized the person, and she responded "no." He also asked her whether the person was someone who could have been a consensual partner of hers, and she likewise responded "no."

Detective Holmes then obtained a search warrant to obtain a buccal DNA swab from appellant to confirm the match that occurred in the database. Detective Holmes obtained the buccal swab from appellant on July 15, 2020, while appellant was incarcerated in the Lindsay Facility of the Texas Department of Criminal Justice. Detective Holmes received the DNA test report for that buccal swab on November 16, 2020, confirming appellant's DNA matched the DNA obtained from the items in Melissa's sexual assault kit. At that point, Detective Holmes determined there was probable cause to believe that appellant committed the offense of aggravated sexual assault against Melissa.

Linyeness Paine testified that there was an order for a social study evaluation and investigation to be conducted in this case, but one was not conducted because appellant did not wish to have the study done. Paine explained that, because of appellant's age, he had the option to waive the evaluation. In addition, Paine established appellant was born on August 23, 1999, and that there had not been an

adjudication hearing in this case.  Paine further indicated that appellant had been serving time on a separate case, and as soon as he was paroled, he was brought before the juvenile court pursuant to a bench warrant.

At the conclusion of the hearing, the juvenile court made the findings required under section 54.02(j) of the Texas Family Code, the provision governing the transfer in this case.  More particularly, in its Waiver of Jurisdiction and Order of Transfer to a Criminal District Court, the juvenile court judge found appellant is 18 years of age or older, that he was 14 years of age or older, and under 17 years of age at the time that he is alleged to have committed a felony of the first degree, and no adjudication hearing concerning the alleged offense had been conducted.  *See* FAM. § 54.02(j)(1)(2)(B)(3).  In addition, the court found, after use of diligence by the State, it was not practical to proceed in juvenile court before appellant's 18th birthday because probable cause did not then exist as law enforcement did not learn of appellant's identity until a CODIS match was made June 9, 2020, and probable cause was not established until a confirmatory DNA match was obtained on November 16, 2021.  *Id.* § 54.02(j)(4)(b)(1).  The court further found that there is probable cause to believe that appellant committed the alleged offense and granted the State's request for transfer.  *Id.* § 54.02(j)(5).

## DISCUSSION

Appellant contends that the delay between the filing of the petition to transfer and the hearing date denied him his right to a speedy trial under the United States

and Texas Constitutions. The State asserts appellant did not preserve this complaint for review because he failed to raise it in the lower court. Assuming, without deciding, appellant's counsel's comments at the conclusion of the hearing, concerning the time it took to "bench" appellant over to the juvenile court, were sufficient to preserve his speedy trial complaint for our review, we conclude his complaint is not sustainable.

A juvenile court has exclusive, original jurisdiction over all proceedings involving a person who is a "child" when the alleged offense occurred. FAM. § 51.04(a). As applicable here, the Family Code defines "child" as one who is ten years of age or older and under 17 years of age. *Id.* § 51.02(2). When, as here, the State does not begin proceedings before the accused's 18th birthday, the juvenile court maintains jurisdiction after the accused turns 18 years of age, but such jurisdiction is limited to either dismissing the case or transferring the case to the appropriate district court or criminal district court for criminal proceedings under section 54.02(j) if all criteria are satisfied. *Id.* § 54.02(j); *In the matter of N.J.A.*, 997 S.W.2d 554, 556 (Tex. 1999).

Pursuant to section 54.02(j), the juvenile court is permitted to waive its exclusive original jurisdiction and transfer a person to the appropriate district court or criminal district court for criminal proceedings if (1) the person is 18 years of age or older, (2) the person was 14 years of age or older and under 17 years of age at the time the person is alleged to have committed a felony of the first degree other than

–7–

an offense under Section 19.02, Penal Code, (3) no adjudication concerning the alleged offense has been made or no adjudication hearing concerning the offense has been conducted, (4) the juvenile court finds from a preponderance of the evidence that after due diligence of the State it was not practicable to proceed in juvenile court before the 18th birthday of the person because the State did not have probable cause to proceed in the juvenile court and new evidence has been found since the 18th birthday of the person, and (5) the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged. FAM. § 54.02(j).

Appellant concedes, and the record establishes, that the State satisfied the requirements of 54.02(j), but urges the delay between the filing of the State's petition and the transfer hearing violated his right to a speedy trial. We recognize that the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Texas Constitution provide a right to a speedy trial *in a criminal prosecution*. *State v. Lopez*, 631 S.W.3d 107, 113 (Tex. Crim. App. 2021); *see* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. And generally, an evaluation of a speedy trial claim includes consideration of the length of delay, the reasons for delay, to what extent the defendant has asserted his right, and any prejudice suffered by the defendant. *Hopper v. State*, 520 S.W.3d 915, 924 (Tex. Crim. App. 2017). But a juvenile transfer proceeding is civil in character; it does not become criminal unless and until the juvenile court waives its exclusive jurisdiction and transfers the accused to a

criminal court for prosecution. *Moon v. State*, 451 S.W.3d 28, 45 (Tex. Crim. App. 2014). Thus, speedy trial rights do not apply to a juvenile offender until he is certified as an adult and transferred to a criminal court. *See Deleon v. State*, 728 S.W.2d 935, 937 (Tex. App.—Amarillo 1987, no writ); *see also Pratt v. State*, 907 S.W.2d 38, 50 (Tex. App.—Dallas 1995, writ denied) (recognizing discretionary transfer hearing are not adjudicational but rather are dispositional in nature); *M.A.V., Jr. v. Webb County Court at Law*, 842 S.W.2d 739, 749 (Tex. App.—San Antonio 1992, writ denied) (because the discretionary hearing is dispositional rather than adjudicative, the due process that is constitutionally adequate in a civil or criminal proceeding is not applicable)). Because a juvenile transfer proceeding is not a criminal prosecution, the right to a speedy trial is not implicated. Accordingly, we overrule appellant's speedy trial complaint.

With respect to appellant's reference to the summons, the State urges appellant has failed to adequately brief any complaint regarding same. The Rules of Appellate Procedure provide that an appellate brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(1). While appellant's brief states, "Texas Family Code Sec. 54.02(k) states the petition and notice requirements of Texas Family Code Sections 53.04 [(Court Petition; Answer)], 53.05 [(Time Set for Hearing)]. 53.06 [(Summons)] and 53.07 [(Service of Summons)] must be satisfied, and the summons must state that the hearing is for the purpose of considering waiver of jurisdiction

under Subsection (j)[,]" it does not contain any argument in connection with same and, thus, falls short of the requirements of rule 38.1. To the extent appellant's reference to sections 53.06 and 53.07 can nevertheless be construed to be a jurisdictional challenge, for the reasons set forth herein, we conclude the juvenile court obtained jurisdiction over appellant.

The record before us shows appellant was served with the summons and a copy of the petition on February 22, 2021. The summons directed appellant to appear on February 17, 2021, at 9:15 a.m. for a hearing for the purpose of considering waiver of jurisdiction under subsection (j) of section 54.02 of the Texas Family Code to a criminal district court, a time that had already passed when the summons was served. The discretionary transfer hearing did not, however, actually take place until September 14, 2023. At that time, appellant, who was then an adult, and his attorney appeared at the hearing. Because appellant was personally served with the petition and summons, the hearing was rescheduled to a date following service, and appellant personally appeared at the hearing, a defect, if any, in the service of the summons five days after the hearing was originally scheduled was waived. *See Paz v. State*, No. 08-15-00354-CR, 2017 WL 2351349, at *6 (Tex. App.—El Paso May 31, 2017, no pet.) (not designated for publication) (determining that where appellant was an adult at the time of the transfer hearing his personal appearance waived any technical service deficiency); *Mosby v. State*, No. 05-99-01356-CR, 2000 WL 1618469, at *2 (Tex. App.—Dallas Oct. 31, 2000, no pet.) (not

–10–

designated for publication) (concluding defect in service of summons after hearing was originally scheduled was waived and juvenile court acquired jurisdiction where hearing was reset to three weeks after juvenile was personally served and juvenile personally appeared at the rescheduled hearing). Accordingly, we resolve any complaint regarding the summons and the juvenile court's jurisdiction over the transfer proceeding against appellant.

## CONCLUSION

We affirm the juvenile court's Waiver of Jurisdiction and Order of Transfer to a Criminal District Court.

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

230973F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

IN THE MATTER OF J.B., A
JUVENILE

No. 05-23-00973-CV

On Appeal from the 305th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. JD-21-00009-
X.
Opinion delivered by Justice
Kennedy. Justices Carlyle and Smith
participating.

In accordance with this Court's opinion of this date, the juvenile court's
Waiver of Jurisdiction and Order of Transfer to a Criminal District Court is
**AFFIRMED**.

Judgment entered this 28th day of December 2023.