Horak v. State 






AFFIRMED
JULY 12, 1990

NOS. 10-90-013-CR &
 10-90-014-CR
Trial Court
#'s 18,699-85
    18,708-85
IN THE
COURT OF APPEALS
FOR THE 
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

HARRY LOUIS HORAK,
Appellant
v. 

THE STATE OF TEXAS,
Appellee

* * * * * * * * * * * * *

From the 85th Judicial District Court
Brazos County, Texas

* * * * * * * * * * * *

O P I N I O N

* * * * * * *
 
A jury convicted Appellant of burglary of a habitation and
aggravated assault, and assessed his punishment at forty years in
prison. See TEX. PENAL CODE ANN. §§ 30.02(a)(1), 22.02 (Vernon
1989 and Vernon Supp. 1990). Appellant complains that the court
erred when it allowed the introduction of certain exhibits into
evidence over his objection. He also asserts that the evidence
was insufficient to support the aggravated assault conviction. The
judgment will be affirmed.
On March 21, 1989, at approximately 3:00 A.M., Appellant, who
was armed with two loaded rifles, a knife, and assorted ropes,
including two jump-rope cords without handles, entered the
dormitory room of Trisha Sexton and Sandra Alcala on the Texas A&M
campus. He fired approximately eight rounds before the two women
disarmed him and confined him in a closet. Subsequently, Texas A&M
police officers obtained Appellant's consent to search his
dormitory room. However, no search warrant was ever obtained. 
During their search, the officers discovered and seized handwritten
notes, jump-rope handles, rifle cartridges, receipts from the
purchase of two rifles, and instruction manuals for the rifles. 
At trial, Appellant argued that he consented only to a limited
search for guns or their receipts. Thus, he claimed that seizing
the items from his dormitory room violated his constitutional right
to be free from unreasonable searches and seizures. See U.S.
CONST. amend. IV. His first point is that the court erred when it
admitted the items into evidence.
At a hearing outside the presence of the jury, officers
testified that Appellant gave them permission to search his
dormitory room. Appellant admitted that he consented to a limited
search of his room for guns or receipts, and even told the officers
where to find the receipts. At a suppression hearing, the court is
the judge of the credibility of the witnesses and the weight to be
given their testimony. Walker v. State, 588 S.W.2d 920, 924 (Tex.
Crim. App. [Panel Op.] 1979). Based on the evidence at the
hearing, the court did not abuse its discretion when it determined
that the officers had full consent to search Appellant's room. See
Lopez v. State, 663 S.W.2d 587, 591 (Tex. App.--Houston [1st Dist.]
1983, pet. ref'd).
Warrantless searches as per se unreasonable under the Fourth
Amendment. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 514,
19 L.Ed.2d 576 (1967). One exception to this rule is that evidence
in "plain view" which an officer inadvertently discovers may be
seized without a warrant. Coolidge v. New Hampshire, 403 U.S. 443,
91 S.Ct. 2022, 2038, 29 L.Ed.2d 564 (1971). However, plain view
alone never justifies a warrantless seizure of evidence. Id. 91
S.Ct. at 2039. The criteria for a plain-view seizure include: (1)
the officer had a legitimate reason to be where he was; (2) the
discovery of the item in plain view was inadvertent; and (3) the
officer had probable cause to believe that the item in plain view
was evidence. Snider v. State, 681 S.W.2d 60, 63 (Tex. Crim. App.
1984).
Assuming that Appellant consented to a limited search for guns
or receipts from their purchase, the officers were lawfully in the
dormitory room when they discovered the other items. The rifle
cartridges, manuals, and jump-rope handles were located on or near
Appellant's desk. Clearly, the officers had probable cause to
believe that these items were evidence of Appellant's crime. When
the officers collected the cartridges, they found one resting atop
a pile of handwritten papers, the top of which read: 
BITCH
There was once a girl named Trish,
she was really quite a nice fish
BUT, she refused to try,
AND NOW WE BOTH WILL DIE!
The officers seized the entire stack of papers because, based on
the content of the top paper, they had probable cause to believe
that the papers were evidence of Appellant's crime. Point one is
overruled.
Appellant's second point is that the evidence was insufficient
to establish all elements of the aggravated assault charge He
argues that he cannot be guilty of the aggravated offense because
he caused no serious bodily harm. See TEX. PENAL CODE ANN. §
22.02(a)(1) (Vernon Supp. 1990). However, an assault is aggravated
if the assailant uses a deadly weapon. Id. at § 22.02(a)(4). 
Appellant's loaded rifles were deadly weapons as a matter of law. 
See TEX. PENAL CODE ANN. § 1.07(11)(A) (Vernon 1974). Point two is
overruled and the judgment is affirmed. 
 
                     
BOB L. THOMAS
DO NOT PUBLISHChief Justice