IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-025-CR




KATHY YANES,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 92,821, HONORABLE BOB PERKINS, JUDGE


 





PER CURIAM

 A jury found appellant guilty of possessing less than twenty-eight grams of
methamphetamine, a controlled substance. 1983 Tex. Gen. Laws, ch. 425, § 9 [Tex. Rev. Civ.
Stat. art. 4476-15, § 4.04, now codified as Tex. Health & Safety Code Ann. § 481.115 (Pamph.
1991)]. The district court assessed punishment at imprisonment for ten years.

 On April 25, 1988, a warrant was issued to search appellant's house for
methamphetamine. The warrant was executed that same day. During the search, police officers
discovered the methamphetamine that is the subject of this cause.

 Points of error two, three, and four relate to a December 1984 warrant to search
appellant's house for methamphetamine. Appellant contends the district court erred by refusing
to admit in evidence the earlier warrant, by refusing to submit a charge pursuant to Tex. Code Cr.
P. Ann. art. 38.23 (Supp. 1991), and by refusing to require an in camera disclosure of the
confidential informer's identity pursuant to Tex. R. Cr. Evid. Ann. 508(c)(3) (Pamph. 1991). 
The 1984 warrant was based on an affidavit substantially identical to the one supporting the instant
warrant, even to the point of describing appellant as being "approximately 31 years old." Both
affidavits recite that a reliable confidential informer had seen methamphetamine in appellant's
house within the previous seventy-two hours. It was appellant's contention at trial that the 1984
affidavit raised an issue as to whether the 1988 affidavit truly was based on information recently
received from a confidential informer, as it stated, or was merely a copy of the earlier affidavit.

 The officer who swore out the 1988 affidavit testified outside the jury's presence
that at the time he executed the affidavit he had not seen and did not know of the earlier search
warrant and affidavit. Appellant offered no evidence to refute this or to otherwise demonstrate
that the 1988 affidavit contained a deliberate falsehood. See Dancy v. State, 728 S.W.2d 772, 781
(Tex. Cr. App. 1987). The district court ruled that the similarity of the two affidavits, standing
alone, did not raise an issue as to the truthfulness of the later affidavit. Appellant cites no
authority to support her contention that the court erred by so ruling.

 This Court agrees with the trial court that the existence of the 1984 affidavit did
not raise an issue as to the truthfulness of the 1988 affidavit. We therefore conclude that the court
did not err by refusing to admit the earlier affidavit in evidence on the ground of immateriality. 
Similarly, the court did not err by refusing to require the State to disclose the identity of the
informer. Because no issue of fact was raised, the court did not err by refusing the art. 38.23
charge. Points of error two, three, and four are overruled.

 In her first point of error, appellant complains of the admission of "some twenty-seven items of evidence that were not specified in the warrant." Appellant does not specify by
number or description the exhibits to which she refers, nor does she refer this Court to the place
in the record where an objection was made. We assume appellant refers to such exhibits as a
mirror on which a trace of methamphetamine was found, scales, and bills and other papers
addressed to appellant that were found by the officers searching the house. Our examination of
the record discloses that appellant objected to these exhibits on the ground that they were outside
the scope of the warrant.

 Having lawfully entered appellant's residence pursuant to the warrant, the officers
were authorized to seize fruits, instrumentalities, and contraband in plain view. Snider v. State,
681 S.W.2d 60 (Tex. Cr. App. 1984). Those exhibits that were "mere evidence," such as the
mail addressed to appellant, were also lawfully seized. These items demonstrate appellant's
ownership or occupancy of the house, and therefore bear a nexus with the criminal investigation. 
Chambers v. State, 508 S.W.2d 348, 352-53 (Tex. Cr. App. 1974). The first point of error is
overruled.

 In points of error six and seven, appellant complains of the admission of exhibits
and testimony concerning extraneous offenses, "includ[ing] such items as a triple beam balance
scale, substances the officers testified were commonly used as a cutting agent to increase the
weight of controlled substances for sale and distribution, and several other items that, when
possessed, constitute the offense of possession of narcotic paraphernalia." Appellant also refers
to testimony that the distinctive odor associated with the manufacture of methamphetamine was
present in the house, although no evidence of such manufacture was found.

 This evidence was relevant in that it tended to establish that appellant's possession
of the methamphetamine was knowing or intentional. Tex. R. Cr. Evid. Ann. 404(b) (Pamph.
1991). Being relevant, the evidence was admissible unless the probative value was substantially
outweighed by the danger of unfair prejudice. Tex. R. Cr. Evid. Ann. 403 (Pamph. 1991). 
Having reviewed the record, we conclude that the district court did not abuse its discretion by
admitting the evidence.

 In her remaining point of error, appellant argues that because of conflicts and
misunderstandings with counsel, she was denied effective assistance of counsel during the pretrial
hearing on her motion to suppress evidence. At the conclusion of this hearing, counsel sought
permission to withdraw, citing appellant's dissatisfaction with his performance. The motion was
granted after appellant indicated to the court that she wished to hire a new attorney. Appellant
erroneously relies on cases dealing with conflicts of interest; that is, cases in which counsel's
representation of the defendant is impaired by his simultaneous representation of another client. 
Ex parte Acosta, 672 S.W.2d 470 (Tex. Cr. App. 1984); Amaya v. State, 677 S.W.2d 159 (Tex.
App. 1984, pet. ref'd). No such conflict of interest is shown by this record.

 Appellant's first attorney vigorously pursued the motion to suppress, laying the
foundation for the strategy later employed by substitute counsel at trial and on appeal. There is
nothing in the record to indicate that the animosity that may have developed between counsel and
appellant prior to or during the pretrial hearing affected counsel's performance at that hearing. 
We find that counsel's performance at the hearing fell within the wide range of reasonable
professional assistance. Strickland v. Washington, 446 U.S. 668 (1984).

 The judgment of conviction is affirmed.



[Before Chief Justice Carroll, Justices Jones and B. A. Smith]

Affirmed

Filed:  August 30, 1991

[Do Not Publish]