**Affirmed and Opinion filed August 4, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00685-CR

**JAMON DERRELL WALKER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Cause No. 1395164**

### O P I N I O N

Appellant Jamon Derrell Walker challenges his conviction for capital murder, arguing in a single issue that the trial court should have granted his motion to suppress evidence found on appellant's cell phone pursuant to a search warrant because the warrant's supporting affidavit did not establish probable cause. Concluding the affidavit was sufficient to support a finding of probable cause and that the trial court did not err in denying appellant's motion to suppress, we affirm.

## BACKGROUND

At about 2:00 a.m. on July 18, 2013, officers from the Houston Police Department responded to a 911 call and found the complainant, Gerald Williams, shot to death in a church parking lot. A witness who lived next door to the church told police that after he had heard a gunshot, he looked out from his porch and saw someone put what looked like a rifle into the backseat of a dark-colored car and drive away. Police determined the car seen leaving the scene was the complainant's car, and the complainant's cell phone was missing from his cell phone belt clip. When police located the complainant's car the next day and initiated a traffic stop, appellant was driving the car and had the complainant's cell phone in his hand. Police also found a cell phone belonging to appellant in the car.

Police took appellant to the station for questioning. In a recorded statement, appellant admitted to being involved in the shooting. Officer Jesus Sosa obtained a search warrant to examine the contents of appellant's cell phone. The complainant's cell phone number was saved as a contact in appellant's phone. The complainant and appellant had exchanged multiple calls and text messages during the time period leading up to the shooting. Texts between appellant and the complainant on the night of the shooting indicated that the two men were planning to meet and that appellant was bringing a gun. Appellant's text message to the complainant read, "I got the heat nd everything lets doit nd move on homie! [sic]" Appellant's text messages to others indicated that appellant not only had a shotgun but also that he intended to obtain a car and expected to get money the night of the shooting. Police also recovered a shotgun from appellant's residence. The recovered weapon was consistent with the shotgun shell found at the scene where the complainant's dead body was discovered.

Charged with capital murder, appellant pleaded "not guilty." At a bench trial, appellant moved to suppress the evidence from his cell phone on the grounds that the search warrant's supporting affidavit failed to establish probable cause. The trial court denied appellant's motion, finding that the affidavit provided a substantial basis for probable cause. The trial court admitted the text and call information from appellant's cell phone into evidence.

The trial court found appellant guilty as charged and sentenced him to life confinement without parole. Appellant now appeals his conviction, challenging the trial court's ruling on the motion to suppress.

## STANDARD OF REVIEW

While we typically review a trial judge's motion-to-suppress ruling under a bifurcated standard, a trial court's determination whether probable cause exists to support a search warrant's issuance is restricted solely to the affidavit's four corners. *Bonds v. State*, 403 S.W.3d 867, 873 (Tex. Crim. App. 2013). When reviewing a magistrate's decision to issue a warrant, appellate courts as well as trial courts apply a highly deferential standard of review because of the constitutional preference for searches conducted pursuant to a warrant over warrantless searches. *State v. McLain*, 337 S.W.3d 268, 271–72 (Tex. Crim. App. 2011). If the magistrate had a substantial basis for concluding that a search warrant probably would uncover evidence of wrongdoing, we will uphold the magistrate's probable-cause determination. *Illinois v. Gates*, 462 U.S. 213, 236 (1983); *Bonds*, 403 S.W.3d at 873. The magistrate may interpret the affidavit in a non-technical, common-sense manner, drawing reasonable inferences solely from the facts and circumstances contained within the affidavit's four corners. *Bonds*, 403 S.W.3d at 873. We are not to invalidate a warrant by interpreting the affidavit

in a hypertechnical, rather than a common-sense, manner. *Id.* When in doubt, we are to defer to all reasonable inferences that the magistrate could have made. *Id.*

## APPLICABLE LAW

A search warrant may not legally issue unless it is based on probable cause. U.S. CONST. amend. IV; Tex. Const. art. I § 9; Tex. Code Crim. Proc. Ann. art. 1.06 (West 2005). Under Texas law, "[n]o search warrant shall issue . . . unless sufficient facts are first presented to satisfy the issuing magistrate that probable cause does in fact exist for its issuance" and "[a] sworn affidavit setting forth substantial facts establishing probable cause" is filed with the search-warrant request. Tex. Code Crim. Proc. Ann. art. 18.01(b) (West Supp. 2015). Probable cause exists when, under the totality of the circumstances, there is a fair probability or substantial chance that evidence of a crime will be found at the specified location. *Bonds*, 403 S.W.3d at 872–73. Probable cause is a flexible and non-demanding standard. *Id.* at 873.

When a trial court examines whether there is probable cause to support a search warrant, the trial court is restricted to the four corners of the affidavit. *McLain*, 337 S.W.3d at 271. For an evidentiary search warrant, the sworn affidavit must set forth facts sufficient to establish probable cause that (1) a specific offense has been committed, (2) the specifically described property or items that are to be the subject of the search or seizure constitute evidence of that offense or evidence that a particular person committed that offense, and (3) the property or items constituting evidence to be searched for or seized are located at or on the particular person, place, or thing to be searched. Tex. Code Crim. Proc. Ann. art. 18.01(c), 18.02(a)(10) (West Supp. 2015).[1]

---

[1] The Texas Code of Criminal Procedure contains provisions dealing specifically with search warrants for cell phones of arrestees. But, because these provisions were not yet in effect

Appellant alleges that Officer Sosa's affidavit did not provide a sufficient basis to support the magistrate's finding of probable cause. Specifically, appellant argues the affidavit did not establish the second requirement—that the specifically described property or items made the subject of the proposed search or seizure constitute evidence of the offense or evidence that a particular person committed the offense. *See* Tex. Code Crim. Proc. Ann. art. 18.01(c)(2) (West Supp. 2015).

Applying a common-sense reading to the affidavit, we conclude it contained sufficient facts from which the trial court could find probable cause that the cell phone to be searched contained evidence that appellant committed capital murder. The affiant established the following pertinent facts:

- affiant was investigating the capital murder of the complainant;

- appellant was found with the complainant's car and cell phone the day after the complainant's shooting;

- appellant's cell phone was found in the complainant's car after appellant was driving it;

- appellant was questioned as a suspect in the capital murder;

- appellant admitted he was involved in the complainant's shooting and drove off in the complainant's car;

- appellant planned to sell the complainant's car and cell phone;

- appellant knew the complainant and communicated with the complainant primarily via cell phone; and

- appellant and the complainant had been planning to commit robberies together.

---

at the time of the underlying offense and trial, the provision governing search warrants for "mere evidence" is applicable.

Appellant argues that, based on the facts set forth in the affidavit, the magistrate could not have inferred that evidence probably would be found in appellant's cell phone, but rather made a guess based on the "general expectation that incriminating evidence exists on a cell phone." Appellant also argues that the affidavit established nothing more than "mere suspicion" that the cell phone might contain evidence, focusing on the absence of any specific allegation that appellant talked to the complainant via cell phone about shooting him.

A substantial basis for probable cause rests in the allegations that appellant and the complainant had been communicating via appellant's cell phone, planning robberies around the time that the complainant was killed while being robbed of possessions later found in appellant's possession. From these facts, a magistrate properly could have inferred that appellant's cell phone probably contained information that evinced appellant robbing and killing the complainant, including communication between the two of them showing how and why they came to be in that parking lot together that night. We conclude there is a fair probability or substantial chance that evidence of a capital murder would be found in the contents of a cell phone belonging to a suspect who had confessed to shooting the complainant and who exchanged numerous text messages and phone calls with the complainant around the time of the shooting. *See Humaran v. State*, 478 S.W.3d 887, 899–900 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd).

Under the totality of the circumstances, the trial court could have concluded that there was a fair probability that evidence relating to the commission of an offense, capital murder, would be found on appellant's cell phone. *See id.* The trial court did not abuse its discretion by denying appellant's motion to suppress.

## CONCLUSION

When considering the totality of the circumstances, the warrant's supporting affidavit provided a substantial basis for concluding that probable cause existed. Therefore, the trial court did not abuse its discretion in denying the motion to suppress evidence. Accordingly, we overrule appellant's sole issue and affirm the trial court's judgment.

/s/     Kem Thompson Frost
        Chief Justice

Panel consists of Chief Justice Frost and Justices McCally and Brown.
Publish — Tex. R. App. P. 47.2(b).

7