

# NUMBER 13-16-00476-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JAVIER AMAYA GARZA,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

## On appeal from the 92nd District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Contreras and Benavides
Memorandum Opinion by Justice Benavides[1]**

---

[1] The Honorable Rogelio Valdez, former Chief Justice of this Court, did not participate in this decision because his term of office expired on December 31, 2018. The Honorable Dori Contreras currently serves as the Chief Justice for the Thirteenth Court of Appeals.

A jury convicted appellant Javier Amaya Garza of murder, a first-degree felony. *See* TEX. PENAL CODE ANN. § 19.02 (West, Westlaw through 2017 1st C.S.). Prior to trial, Garza filed a motion to suppress physical evidence found both inside and around the outside areas of Garza's home under the authority of a warrant. The trial court granted Garza's motion to suppress evidence found inside Garza's home, but it denied the motion as to evidence found around the outside areas of his home. By four issues, which we construe as two, Garza contends the trial court erred in: (1) partially denying his motion to suppress; and (2) allegedly "accepting" his plea of guilty to manslaughter without conducting a formal plea proceeding. We affirm.

## I. BACKGROUND

The State charged Garza with murder, alleging that he intentionally or knowingly caused the death of his nephew Jorge Alberto Valero by shooting Valero with a firearm. At trial, the evidence showed that Garza hosted a birthday party at his house for Valero. The party involved a lot of drinking. According to a witness, at some point in the night, Garza and Valero got into an argument about guns and money, and Garza shot Valero. Although the evidence at trial established Garza as the shooter, Garza told responding officers a different story on the night of the shooting. Specifically, Garza told officers that Valero was killed by an unknown drive-by shooter who fled the scene in a vehicle while Garza was urinating in the back part of his residence. Based on this story, officers obtained a warrant to search Garza's residence for evidence. Garza was not a suspect at the time the warrant was issued.

Officers executed the search warrant at Garza's residence and recovered several pieces of physical evidence, some of which the State admitted at trial, including: a pistol, a bullet, casings, a camo jacket, and blood lifts. After hearing all the evidence, a jury

2

found Garza guilty of murder and sentenced him to life in prison. *See id.* Garza filed a motion for new trial, which the trial court denied. This appeal followed.

## II.     MOTION TO SUPPRESS

By his first issue, Garza contends that the trial court erred by not granting his motion to suppress in its entirety because there was no basis to search his residence. Specifically, Garza argues that the facts contained in the affidavit did not supply probable cause that evidence of a crime would be found at his residence.

### A.     Standard of Review and Applicable Law

No search warrant may legally issue unless it is based on probable cause that evidence of a crime will be found at the place to be searched. *See* U.S. CONST. amend. IV; TEX. CONST. art. I § 9; TEX. CODE CRIM. PROC. ANN. art. 1.06 (West, Westlaw through 2017 1st C.S.). Probable cause exists when, under the totality of the circumstances, there is a "fair probability" that evidence of a crime will be found at a specified location. *Bonds v. State*, 403 S.W.3d 867, 872–73 (Tex. Crim. App. 2013). A "sworn affidavit setting forth substantial facts establishing probable cause" must be filed with the search-warrant request. TEX. CODE CRIM. PROC. ANN. art. 18.01(b) (West, Westlaw through 2017 1st C.S.). "To justify a search, the circumstances must indicate why evidence of an illegal activity will be found in a particular place." *U.S. v. Bass*, 785 F.3d 1043, 1049 (6th Cir. 2015) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). Accordingly, the affidavit must establish "a nexus between the place to be searched and things to be seized, such that there is a substantial basis to believe that the things to be seized will be found in the place searched." *Id.*

A trial judge's determination regarding whether probable cause exists to support issuance of a search warrant is restricted solely to the affidavit's four corners. *See Walker*

*v. State*, 494 S.W.3d 905, 907 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (citing *Bonds*, 403 S.W.3d at 873). When reviewing a magistrate's decision to issue a warrant, "appellate courts as well as trial courts apply a highly deferential standard of review because of the constitutional preference for searches conducted pursuant to a warrant over warrantless searches." *Id*. (citing *State v. McLain*, 337 S.W.3d 268, 271–72 (Tex. Crim. App. 2011)). As such, reviewing courts must uphold the magistrate's probable-cause determination if the magistrate had a "substantial basis" for concluding that a search warrant probably would uncover evidence of wrongdoing. *See id*. (citing *Gates*, 462 U.S. at 236; *Bonds*, 403 S.W.3d at 873). A magistrate may interpret a search-warrant affidavit in a "non-technical, common-sense manner, drawing reasonable inferences solely from the facts and circumstances contained within the affidavit's four corners." *Id*. (citing *Bonds*, 403 S.W.3d at 873). Reviewing courts are not to invalidate a warrant by interpreting the affidavit in a "hypertechnical, rather than a common-sense, manner." *Id*. at 908.

## B.    Analysis

The probable-cause affidavit for the warrant stated, in relevant part, as follows:

. . .

C.    Sheriff's Deputies arrived at location and were escorted to a canopy on the west side of the residence where they discovered the body of a deceased male.

D.    Sheriff's Deputies observed a deceased male subject had suffered an apparent gunshot wound.

. . .

F.    Sheriff's Deputies met with a male witness who stated several males were drinking at location throughout the night.

4

G.    The male witness further stated he had seen a vehicle drive onto the property and heard a gunshot before seeing the same vehicle leave location.

H.    Sheriff's Deputies checked the immediate area and located two bullet casings in the vicinity of the deceased but were unable to locate a weapon.

The discovery of two spent shell cartridge casings in the immediate proximity of the deceased victim with an apparent gunshot wound provided a link between the crime and Garza's residence. Based on these facts, it is fairly probable, though not certain, that firearms, ammunition or other evidence that would be related to the firing of a firearm would be discovered at Garza's residence. *See Gates*, 462 U.S. at 246 (observing that probable cause requires only a fair probability of criminal activity, not a certain showing of such activity). Restricting our review to the four corners of the affidavit, and applying a highly deferential standard, we conclude that the magistrate had a substantial basis for finding that there was probable cause to search the vicinity of Garza's home because it could be inferred that there were items on Garza's property that were relevant to the shooting. *Id*. Accordingly, the trial court properly partially denied Garza's motion to suppress. We overrule Garza's first issue.

### III.    INVOLUNTARY PLEA

By his second issue, Garza contends that the trial court violated state and federal law by allegedly accepting his plea of guilty to manslaughter without first ensuring that he entered the plea intelligently, knowingly, and voluntarily as required by the Fourteenth Amendment to the United States Constitution. *See* U.S. CONST. amend. XIV. He notes that he was never advised either orally or in writing about the consequences of his alleged guilty plea. Specifically, Garza identifies the following rights that the trial court should have given him prior to his plea: (1) against self-incrimination; (2) to a trial by jury; (3) to

5

confront witnesses; and (4) the elements of the offense of manslaughter. Furthermore, Garza complains that the trial court failed to provide certain statutory admonishments set out in article 26.13 of the Texas Code of Criminal Procedure for accepting guilty pleas. *See* TEX. CODE CRIM. PROC. ANN. Art. 26.13 (West, Westlaw through 2017 1st C.S.).

Here, the State charged Garza with one count of murder and did not charge him with manslaughter. At the start of trial, the State read the murder indictment out loud in front of the jury. Garza's counsel then volunteered the following statement in answer to the indictment: "[Garza] pleads not guilty to murder, *however, he is pleading guilty to manslaughter, the lesser included*." (Emphasis added). However, the State did not make an offer of the lesser included offense of manslaughter at any time throughout the proceeding.

After an in-chambers conference, the trial court advised the jury that "nothing has changed" regarding their role and the status of the case—the case would go forward on the charge of murder, and the jury convicted Garza of such. Because the Fourteenth Amendment and article 26.13 of the code of criminal procedure both require the trial court to accept a plea of guilty, and here, by contrast, Garza did not enter a plea of guilty pursuant to any plea agreement and instead pleaded not guilty to the charge of murder, the trial court was under no obligation to admonish Garza regarding his attempt to plead guilty to an uncharged lesser included offense. *See Davison,* 405 S.W.3d. at 688 (holding that a judge has no duty to admonish a defendant when he pleads not guilty); TEX. CODE CRIM. PROC. ANN. Art. 26.13. We overrule his second issue.

## IV.   CONCLUSION

Having overruled Garza's two issues, we affirm the trial court's judgment.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
31st day of January, 2019.